IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00408-WYD-MJW

MAKE A DIFFERENCE FOUNDATION, INC.,

Plaintiff(s),

v.

CHRISTOPHER H. HOPKINS, et al.,

Defendant(s).

---

ORDER REGARDING
DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY
PENDING RESOLUTION OF MOTION TO DISMISS
(DOCKET NO. 20)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on Defendants' Joint Motion for Protective Order to Stay Discovery Pending Resolution of Motion to Dismiss (docket no. 20). The court has reviewed the subject motion (docket no. 20), the response (docket no. 35), the reply (docket no. 38), and the joint supplemental reply (docket no. 42). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendants request that this court enter a stay of discovery until such time that Chief Judge Daniel enters rulings on: (1) Defendants Thomas Milne and W. Scott

Thompson's Motion to Dismiss filed on May 18, 2010 (docket no. 27); (2) Defendant Christopher H. Hopkins' Motion to Dismiss Derivative Complaint filed on May 18, 2010 (docket no. 28); (3) Blakely Defendants' Motion to Dismiss Derivative Claims Pursuant to Rules 23.1 and 12(b)(6) filed on May 18, 2010 (docket no. 29); and (4) Nominal Defendant Oilsands Quest Inc.'s Joinder in Defendants' Memorandum Briefs in Support of Motions to Dismiss filed on May 18, 2010 (docket no. 30). Defendants, in essence, argue that a stay will serve the interests of judicial efficiency and economy.

The decision to issue a stay of pretrial proceedings rests within the sound discretion of the trial court. Landis v. North American Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

Furthermore, because Defendants' Rule 23.1 challenge raises a threshold procedural issue, Plaintiff's attempts to distinguish cases where discovery has been stayed are distinctions without a difference. The pending Motions to Dismiss (docket nos. 27, 28, 29, and 30) are akin to motions to dismiss on jurisdictional grounds in Zimmerman v. CIT Group, Inc., No. 08-cv-00246-ZLW-KLM, 2008 WL 1818445, at *1 (D. Colo. Apr. 21, 2008), because Defendants' arguments here challenge the procedural right of Plaintiff to assert the claims alleged in the Complaint. In Zimmerman, the "special burden" on the defendants, as it is here, was the risk of proceeding with expensive discovery in a lawsuit that is not properly asserted by the right plaintiff or in the right forum.

Here, the court finds, after reviewing the legal arguments presented in the subject motion (docket no. 20) and reviewing the legal arguments presented by Defendants in their pending Motions listed above (docket nos. 27, 28, 29, and 30), that Defendants have demonstrated a real hardship or inequity if a stay is not granted. See Ben Ezra, Weinstein, & Co. v. America Online Inc., 206 F.3d 980, 987 (10th Cir. 2000). Furthermore, absent undue prejudice, discovery and other pretrial proceedings should await the resolution of a such motions (docket nos. 27, 28, 29, and 30). See LaFleur v. Teen Help, 342 F.3d 1145, 1152-53 (10th Cir. 2003) (affirming stay of discovery pending resolution of motion to dismiss).

Accordingly, in this court's discretion and in the interest of justice pursuant to S.E.C. v. Nacchio, 2005 WL 1799372 (D. Colo. July 28, 2005), the Defendants' Joint Motion for Protective Order to Stay Discovery Pending Resolution of Motion to Dismiss (docket no. 20) should be granted.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, the court **ORDERS**:

1. That Defendants' Joint Motion for Protective Order to Stay Discovery Pending Resolution of Motion to Dismiss (docket no. 20) is **GRANTED**;

2. That discovery is **STAYED** pending ruling by Chief Judge Daniel on: (a) Defendants Thomas Milne and W. Scott Thompson's Motion to Dismiss filed on May 18, 2010 (docket no. 27);

(b) Defendant Christopher H. Hopkins' Motion to Dismiss Derivative Complaint filed May 18, 2010 (docket no. 28); (c) Blakely Defendants' Motion to Dismiss Derivative Claims Pursuant to Rules 23.1 and 12(b)(6) filed May 18, 2010 (docket no. 29); and (d) Nominal Defendant Oilsands Quest Inc.'s Joinder in Defendants' Memorandum Briefs in Support of Motions to Dismiss filed May 18, 2010 (docket no. 30), or until further Order of Court;

3. That the Rule 16 Scheduling Order entered by this court on May 26, 2010, is **VACATED**;

4. That each party shall pay their own attorney fees and costs for this motion (docket no. 20);

Done this 28th day of May 2010.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge