**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No.  10-cv-00408-WJM-MJW

MAKE A DIFFERENCE FOUNDATION, INC., a Mississippi corporation,

    Plaintiff,

v.

CHRISTOPHER H. HOPKINS;
T. MURRAY WILSON;
RONALD BLAKELY;
PAUL CHING;
BRIAN MACNEILL;
RONALD PHILLIPS;
JOHN READ;
GORDON TALLMAN;
PAMELA WALLIN;
THOMAS MILNE; and
W. SCOTT THOMPSON,

    Defendants,

and

OILSANDS QUEST, INC., a Colorado corporation,

    Nominal Defendant.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF DERIVATIVE LITIGATION SETTLEMENT**

---

This matter is before the Court on Plaintiff Make A Difference Foundation, Inc.'s Unopposed Motion for Preliminary Approval of Derivative Litigation Settlement.  (ECF No. 139.)  In the Motion, Plaintiff requests that the Court (1) preliminarily approve the Amended Stipulation and Agreement of Settlement and Release between the parties ("Stipulation") (*see* ECF No. 138); (2) approve the form and program of notice described

in the Stipulation and in the [Amended Proposed] Order Preliminarily Approving Derivative Litigation Settlement and Providing for Notice ("Proposed Order") (*see* ECF No. 142); and schedule a fairness hearing before the Court to determine whether the proposed settlement should be finally approved. (ECF No. 139, at 2 ¶ 3.) For the following reasons, Plaintiff's Unopposed Motion for Preliminary Approval of Derivative Litigation Settlement is DENIED WITHOUT PREJUDICE.

## I. ANALYSIS

One of the primary reasons for the Court's denial of Plaintiff's Motion is the inadequacy of Plaintiff's proposed program of notice. As part of that program of notice, Plaintiff has submitted to the Court a proposed Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, and Settlement Hearing ("Detailed Notice") (ECF No. 138, Ex. B), and a proposed Summary Notice (ECF No. 138, Ex. C). The Court finds the Detailed Notice and Summary Notice to be acceptable forms of notice, and directs Plaintiff to re-submit the Detailed Notice and Summary Notice when it files its amended motion for preliminary approval of settlement to the Court.

However, Plaintiff's proposed program of notice, under which it and Nominal Defendant Oilsands Quest, Inc. ("Oilsands") will distribute the Detailed Notice or Summary Notice to Oilsands shareholders and to the public, is deficient in several respects. First, Plaintiff proposes that only the Summary Notice will be mailed to the current record holders and beneficial owners of common stock of Oilsands. The Court rejects this proposal. For the notice to Oilsands shareholders to be sufficient, the Detailed Notice must be mailed to each Oilsands shareholder. *See, e.g.*, *DeJulius v. New England Health Care Emps. Pension Fund*, 429 F.3d 935, 939 (10th Cir. 2005);

*Lucas v. Kmart Corp.*, 234 F.R.D. 688, 696 (D. Colo. 2006); *In re Storage Tech. Sec. Litig.*, No. 92-B-750, 1994 WL 1721015, at *1 (D. Colo. Dec. 29, 1994).[1]  The Detailed Notice must be mailed to each Oilsands shareholder via first-class mail through the U.S. Postal Service, or an equivalent method of mailing.[2]

Second, Plaintiff proposes that the newswire service CNW Group issue the Summary Notice to the public.  The Court's review of CNW Group's website does not sufficiently indicate that CNW Group's issuance of the Summary Notice will result in a sufficiently broad distribution of the Summary Notice throughout both the United States and Canada.  *See* http://www.newswire.ca/en/services/Newswire%20.cgi (last visited Oct. 4, 2011) ("CNW Group is the largest news release distributor in Canada.").  Plaintiff either shall provide evidence to the Court showing why CNW Group's issuance will result in a sufficiently broad distribution, or shall propose issuing the Summary Notice through both a Canada-based newswire service and a U.S.-based newswire service.

And third, Plaintiff proposes that Oilsands will provide access to the content of the Detailed Notice on Oilsands' website (www.oilsandsquest.com).  The Court only mentions this proposed method of notice to clarify that, for that method of notice to be sufficient, the home page of the Oilsands website must contain a statement or heading (albeit brief) identifying the settlement, along with a hyperlink that brings users directly to

---

[1] The Court has directed Plaintiff to re-submit the Detailed Notice when it files its amended motion for preliminary approval of settlement, because the Detailed Notice contains the level of detail necessary for the notice to Oilsands shareholders to be sufficient.

[2] The Court, of course, leaves it to the parties to resolve how they will split the costs of mailing the Detailed Notice to Oilsands shareholders, given that the costs are likely to be greater than they would have been if only the Summary Notice had been mailed. (ECF No. 138, ¶ 4.2; ECF No. 142, ¶ 4.)

a web page containing the content of the Detailed Notice.

The other primary reason for the Court's denial of Plaintiff's Motion is that there is an insufficient lapse of time between (1) the dates on which notice will be provided (via the methods discussed *supra*), and (2) the date of the settlement hearing. For Plaintiff's proposal to be sufficient, there should be a lapse of 90 calendar days between the date that *all* of the different forms of notice have been provided, and the date of the settlement hearing.

The Court also notes that the Stipulation does not appear to have been entered into by and among all parties to this action. Specifically, it appears Defendant T. Murray Wilson is not a party to the Stipulation. In Plaintiff's amended motion for preliminary approval of settlement, Plaintiff shall make clear whether the settlement is entered into by and among all parties to this action, and is therefore intended to conclusively resolve this litigation.

Finally, the Court notes that the parties (or at least those parties who have entered into the Stipulation) have agreed that $250,000 is the appropriate amount of attorney's fees to seek from the Court. While the Court appreciates the parties' efforts at reaching agreement on the amount of fees to be sought from the Court, the parties are put on notice that the Court will independently evaluate and determine the appropriate amount of attorney's fees to be awarded in this action.

## II.  CONCLUSION

For the foregoing reasons, Plaintiff's Unopposed Motion for Preliminary Approval of Derivative Litigation Settlement (ECF No. 139) is DENIED WITHOUT PREJUDICE.

Dated this 6th day of October, 2011.

BY THE COURT:

_____
William J. Martínez
United States District Judge