**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COURT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 10-cv-00408-WJM-MJW

MAKE A DIFFERENCE FOUNDATION, INC., a Mississippi corporation,

   Plaintiff,

v.

CHRISTOPHER H. HOPKINS,
T. MURRAY WILSON,
RONALD BLAKELY,
PAUL CHING,
BRIAN MACNEILL,
RONALD PHILLIPS,
JOHN READ,
GORDAN TALLMAN,
PAMELA WALLIN,
THOMAS MILNE, and
W. SCOTT THOMPSON,

   Defendants,

and

OILSANDS QUEST, INC., a Colorado corporation,

   Nominal Defendant.

_____

**ORDER PRELIMINARILY APPROVING**
**DERIVATIVE LITIGATION SETTLEMENT AND PROVIDING FOR NOTICE**
_____

WHEREAS, Plaintiff Make a Difference Foundation, Inc. ("Plaintiff"), through its counsel of record, has moved for an order approving the settlement (the "Settlement") of this action, in accordance with the Second Amended Stipulation and Agreement of Settlement and Release dated as of October 28, 2011 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, the Court having read and considered the unopposed Motion, the Memorandum of Law in support of the Motion, and the Stipulation and its Exhibits annexed thereto:

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      Plaintiff's Unopposed Motion for Preliminary Approval of Derivative Litigation Settlement (ECF No. 146) is GRANTED.

2.      This Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement of this action.

3.      A hearing (the "Settlement Hearing") shall be held before this Court on February 24, 2012, at 2:00 p.m. at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294-3589, to determine: (1) whether the Settlement provided for in the Stipulation, including the provision for the payment of fees and expenses to Plaintiff's counsel, is fair, reasonable, and adequate to Oilsands Quest Inc.

("Oilsands") and its shareholders, and should be approved by the Court; and (2) whether a Judgment as proposed in Exhibit D of the Stipulation should be entered herein.

4.      This Court approves, as to form and content, the Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, and Settlement Hearing (the "Notice"), attached as Exhibit B to the Stipulation, and the Summary Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, and Settlement Hearing (the "Summary Notice"), attached as Exhibit C to the Stipulation, and finds that the mailing and/or publication of these notices, substantially in the manner and form set forth in the Stipulation and this Order, meets the requirements of Federal Rule of Civil Procedure 23.1, Colorado law, and due process, are the best notice practicable under the circumstances, and shall constitute due and sufficient notice to Oilsands' shareholders.

a)      Not later than eight business days after the date of this Order, Broadridge Consulting, as agent for Plaintiff's counsel, shall mail the Notice (Exhibit B) to the current record holders and beneficial owners of common stock of Oilsands via first-class mail through the U.S. Postal Service, or an equivalent method of mailing;

b)      Not later than five business days after the date of this Order, Oilsands shall cause the newswire services PR Newswire and CNW Group to issue the Summary Notice once to the public in both the United States and Canada;

c)      Not later than five business days after the date of this Order, Oilsands will

provide access to the content of the Notice on Oilsands' website

(www.oilsandsquest.com).  The home page of Oilsands' website shall

contain a statement or heading identifying the settlement, along with a

hyperlink that brings users directly to a web page containing the content of

the Notice.  This access to the Notice will be maintained on the Oilsands'

website continuing through to the date of the Settlement Hearing;

d)      Plaintiff's Counsel, The Fleischman Law Firm, 565 Fifth Avenue, Seventh

Floor, New York, NY 10017, will provide the Notice in response to written

requests for the Notice by interested persons;

e)      At least fourteen calendar days prior to the Settlement Hearing, Plaintiff's

Counsel shall file with the Court proof, by affidavit or declaration, of such

mailing and publishing.

5.      Oilsands shall bear the cost of mailing the Notice via Broadridge

Consulting up to $28,000, and any costs beyond that amount will be borne by

Plaintiff's Counsel.  Oilsands shall bear the costs associated with the newswire

and the website notice.  Plaintiff's Counsel shall bear the cost of providing the

Notice in response to written requests by interested persons.

6.      All Oilsands Shareholders shall be bound by all orders,

determinations, and judgments in this action concerning the Settlement, whether

favorable or unfavorable to the Oilsands Shareholders.

7.      Pending final determination of whether the Settlement should be

approved, no Oilsands Shareholders, either directly, representatively, or in any

other capacity, shall commence or prosecute against any of the Released

Parties, any action or proceeding in any court or tribunal asserting any of the

Released Claims.

8.      All papers in support of the Settlement shall be filed with the Court

and served at least twenty calendar days before the date of the Settlement

Hearing.

9.      Any Current Oilsands Shareholders may appear and show cause, if

he, she, or it has any, why the Settlement should not be approved as fair,

reasonable and adequate, or why a Judgment should not be entered thereon,

provided, however, that no Current Oilsands Shareholder shall be heard or

entitled to contest the approval of the terms and conditions of the Settlement, or,

if approved, the Judgment to be entered thereon approving the same, unless that

person has, at least twenty calendar days before the Settlement Hearing, filed

with the Clerk of the Court and served on the following counsel (delivered by

hand or sent by first class mail) written objections and copies of any papers and

briefs in support thereof:

> The Fleischman Law Firm
> Keith M. Fleischman
> 565 Fifth Avenue, Seventh Floor
> New York, NY 10017
> Telephone: 212-880-9571
> Facsimile: 917-591-5245
>
> *Attorneys for Plaintiff Make a Difference Foundation, Inc.*
>
> Jonathon D. Bergman
> 1550 Seventeenth St., Suite 500
> Denver, CO 80202
> Telephone: (303) 892-9400
> Facsimile: (303) 893-1379

*Attorneys for Defendants Ronald Blakely, Paul Ching, Brian MacNeill, Ronald Phillips, John Read, Gordan Tallman, Pamela Wallin, and T. Murray Wilson*

Andrew R. Shoemaker
1811 Pearl Street
Boulder, CO 80302
Telephone: (303) 530-3452
Facsimile: (303) 530-4071

*Attorney for Defendant Christopher H. Hopkins*

Trevor A. Crow
6400 S. Fiddlers Green Circle, Suite 1000
Greenwood Village, CO 80111
Telephone: (303) 796-2626
Facsimile: (303) 796-2777

*Attorneys for Defendants Thomas Milne and W. Scott Thompson*

Andrew G. Gordon
Erica S. Platt
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 492-0543

*Attorneys for Nominal Defendant Oilsands Quest Inc.*

The written objections and copies of any papers and briefs in support

thereof to be filed in Court shall be delivered by hand or sent by first class mail

to:

Clerk of the Court
United States District Court
District of Colorado
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, Colorado 80294-3589

Any Person or entity who fails to object or otherwise request to be heard in

the manner prescribed above will be deemed to have waived the right to object to

6

any aspect of the Settlement or otherwise request to be heard (including the right to appeal) and will be forever barred from raising such objection or request to be heard in this or any other action or proceeding, and shall be bound by the Judgment to be entered and the releases to be given.

10.     All replies to any objections shall be filed and served at least seven calendar days before the Settlement Hearing.

11.     Neither the Stipulation, its Exhibits, terms, or provisions, nor any of the negotiations or proceedings connected with it, shall be deemed, used or construed as an admission or concession by the Defendants, or as evidence of the truth or validity of any of the allegations in this action, or of any liability, fault, or wrongdoing of any kind.

12.     If the Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become Final or otherwise not become effective for any reasons whatsoever, the Settlement (including any modification thereof made with the consent of the parties as provided for in the Stipulation) and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein) shall be terminated and shall become void and of no further force and effect, with the exception of Section III and Section 5.1 of the Stipulation, and Oilsands' and Plaintiff's Counsel's obligations to pay for any expenses already incurred in connection with publishing the notices provided for by this Order.  In that event, all negotiations, transactions, and proceedings connected with the Settlement shall be without prejudice to the rights of any party in the action, who shall be

restored to their respective positions immediately prior to the execution of the Stipulation.

14. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to the Oilsands Shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Oilsands Shareholders.

14. Given this Court's preliminarily approval of the Stipulation and the Settlement set forth therein, all pending motions in this action are hereby DENIED without prejudice as moot.

IT IS SO ORDERED.

Dated this 2nd day of November, 2011.

BY THE COURT:

William J. Martínez
United States District Judge